### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN PATROSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | 2: 11-cv-1065 |
| v. | ) | |
| | ) | |
| | ) | |
| PRESSLEY RIDGE, PRESSLEY RIDGE | ) | |
| FOUNDATION, and B. SCOTT FINNELL, | ) | |
| | ) | |
| Defendants. | | |

### MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the  MOTION TO DISMISS COMPLAINT, with brief in

support (Document Nos. 6 and 7), filed by Defendant, Pressley Ridge Foundation,  the

MEMORANDUM OF LAW IN OPPOSITION TO PRESSLEY RIDGE FOUNDATION'S

MOTION TO DISMISS filed by Plaintiff, Susan Patroski (Document No. 13), and the REPLY

BRIEF filed by Defendant, Pressley Ridge Foundation (Document No. 18).  The matters have

been thoroughly briefed and are ripe for disposition.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action by the filing of an eleven (11) count Complaint against

Defendants, under both federal and state law, all of which relate to alleged sexual harassment

and retaliation.  The only claim alleged against Defendant Pressley Ridge Foundation ("the

Foundation") is the last claim of the Complaint for alleged "piercing the corporate veil" set forth

in Count 11.  This claim does not in fact plead a separate cause of action or theory of relief, but

rather seeks generally to pierce the corporate veil of Defendant Pressley Ridge to assess liability

against the Foundation for the allegedly wrongful acts of Pressley Ridge and B. Scott Finnell as pled in the preceding counts of the Complaint.

The Foundation argues that Count 11 should be dismissed with prejudice because "piercing the corporate veil" is not an independent cause of action.  In the alternative, the Foundation argues that Plaintiff has failed to allege any facts that would allow a court to pierce the corporate veil, and thus, Plaintiff's attempt to bring the Foundation into this action is fatally deficient as a matter of law.

Not surprisingly, Plaintiff contends that the arguments of the Foundation lack merit and should be denied.  However, in the alternative, Plaintiff requests that should the Court conclude that the veil piercing claim is not sufficiently pled, that she be granted leave to amend.

### STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiently of the complaint filed by Plaintiff.  The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.  However, as the Supreme Court made clear in *Twombly,* the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  The United States Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). Thus, after

*Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the Court must separate the factual and legal elements of the claim. *Id.*  Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-11.  Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (citing *Iqbal* 129 S. Ct. at 1949).  The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211.  That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.  This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted).  Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is

3

entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted).

Additionally, the United States Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6)

requirement that "the facts must be taken as true and a complaint may not be dismissed merely

because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on

those merits." *Phillips,* 515 F.3d at 231(citing *Twombly*, 550 U.S. at 553).

### DISCUSSION

The first issue the Court must decide is whether piercing the corporate veil is recognized

as an independent cause of action under Pennsylvania law.  In support of its motion that piercing

the corporate veil is not recognized as an independent cause of action in Pennsylvania, the

Foundation relies heavily on two cases, *Village of Camelback Prop. Owners Assn. v. Carr*, 538

A.2d 528 (Pa. Super. 1988) and *Siematic Mobelwerker GmbH & Co. KG v. Siematic Corp.*, 643

F. Supp.2d 675 (E.D. Pa. 2009).  The Court finds  the Foundation's reliance on these two cases is

misplaced. First, as Plaintiff correctly notes, in each of these cases, the plaintiff had included a

cause of action to pierce the corporate veil.  In *Camelback*, the Pennsylvania Superior Court

denied a defendant's motion to dismiss the veil-piercing cause of action.  In  *Siematic*

*Mobelwerker*, the court denied summary judgment finding that a genuine issue of material fact

existed as to whether the defendant's corporate veil should be pierced.

In the introductory comments to its opinion, the panel in *Camelback* noted that "the last

count [of the complaint] does not in fact plead a separate cause of action or theory of relief at all,

but rather seeks generally to pierce the corporate veil of the various corporate defendants to

assess liability against Carr individually for the allegedly wrongful acts of those corporate

defendants pled in the preceding counts." *Village at Camelback v. Carr*, 538 A.2d at 532.

However, the court then proceeded to analyze the facts of the case and applicable law and

concluded that appellants had sufficiently pleaded the ultimate facts necessary to state a cause of action for piercing the corporate veil.

The Court finds that the Foundation has improperly construed the court's introductory remarks in *Camelback*. Those remarks do not constitute a holding that no separate cause of action is stated when a claim for piercing the corporate veil is pled. As explained by the Pennsylvania Superior Court in *Krause v. Great Lakes Holdings, Inc.*, 563 A.2d 1182, 1191(Pa. Super. Ct. 1989), *appeal denied*, 574 A.2d 70 (Pa. 1990):

> [t]he court's introductory remarks . . . do not constitute a holding that no separate cause of action is stated when a claim for piercing the corporate veil is pled. The *Camelback* court was merely commenting on the state of the record in that particular case, which was that in count twelve of their complaint, the appellants had asserted a general claim of piercing the corporate veil, which, for its specifics, relied on and referred back to the other counts set forth in the complaint. Thus, the court's comment was entirely dependent on the particular facts present in *Camelback*, specifically the organization and structure of the *Camelback* plaintiffs' complaint. <u>The comment was most definitely not a general holding that when a claim is made under an alter ego theory, a separate cause of action is never stated.</u>

*Krause*, 563 A.2d at 1191 (emphasis added). Accordingly, the Court finds that Pennsylvania law does recognize piercing the corporate veil as an independent cause of action.

Having found that an independent cause of action exists, the Court must now determine whether Plaintiff's contentions have sufficient plausibility to survive a motion to dismiss. The term "plausibility" is not susceptible of mathematical quantifications, but lies somewhere on the rhetorical spectrum between "conceivable" or "speculative" and "probable." The Supreme Court of the United States made a distinction between facts that were merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged claim plausible.

Pennsylvania law features a strong presumption against the propriety of piercing the corporate veil. *See Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995). Although there is no iron-clad rule under Pennsylvania law as to when piercing is warranted, *see Good v. Holstein*, 787 A.2d 426, 430 (Pa. Super. Ct. 2001), the applicable standard has been articulated as follows: piercing is appropriate when the corporate form must be disregarded in order to "prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001) (quoting *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967)). In *Lumax Indus.,* the Pennsylvania Supreme Court cited with approval several specific factors that had been denoted by the Commonwealth Court as informing the determination of whether piercing is warranted in a given case. These are "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud." *Lumax*, 669 A.2d at 895.

Pennsylvania law requires that a veil-piercing claim be supported by specific factual averments, rather than mere legal conclusions. *Id*. Thus, based on public policy, the Pennsylvania Supreme Court refused to permit a veil-piercing claim to proceed where the complaint stated only conclusory allegations. *Id.* Rather, the pleader must state facts showing a reason to pierce the corporate veil.

In matter *sub judice*, Plaintiff has provided little or nothing in the way of factual allegations to support her contention that liability should be imposed on the Foundation by piercing the corporate veil. In fact, the allegations in Count 11 consist of nothing more than a recitation of the elements necessary to hold the Foundation liable under the piercing of the veil theory based on Plaintiff's information and belief. In the wake of *Twombly*, the factual

allegations of a complaint "must be enough to raise a right to relief above the speculative level"

and the complaining party must offer "more than labels and conclusions" or "a formulaic

recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.  The Court is "not

compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion

couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d  Cir. 2007)

(internal quotations and citations omitted.)

In the absence of anything more than a recitation of the elements necessary to hold the

Foundation liable under the piercing the veil theory, Count 11 of the Complaint will be dismissed

in its entirety and the Foundation will be dismissed as a defendant.  However, the Court will

permit Plaintiff to amend her Complaint to cure the shortcomings of her initial pleading

inasmuch as the Court hesitates at this stage of the litigation to find such an amendment would

be inequitable or futile.  *See Phillips v. County of Allegheny*, 515 F.3d 24, 236 (3d Cir. 2008).[1]

### Conclusion

For the hereinabove stated reasons, the Motion to Dismiss will be granted, Count 11 of

the Complaint will be dismissed, and the Foundation will be dismissed as a defendant.  The

Court will grant Plaintiff leave to amend the Complaint.  On or before November 1, 2011,

Plaintiff may either  file an Amended Complaint or file a notice of her intent to stand on the

Complaint as filed.

An appropriate Order follows.


McVerry, J.

---

[1] *See generally Fletcher-Harlee v. Pote Concrete Contractors*, 482  F.3d 247, 252 (3d Cir. 2007), in which our appellate court discussed whether it is error for a district court to fail to offer a plaintiff an opportunity to amend *sua sponte*, i.e., where no request was made to the trial court. Here, Plaintiff has specifically requested that should the Court find that her veil piercing claim is insufficiently pled, that she be granted leave to amend.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN PATROSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | 2:  11-cv-1065 |
| v. | ) | |
| | ) | |
| | ) | |
| PRESSLEY RIDGE, PRESSLEY RIDGE | ) | |
| FOUNDATION, and B. SCOTT FINNELL, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER OF COURT

**AND NOW**, this 18th day of October,  2011, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the Motion

to Dismiss Complaint filed by Defendant Pressley Ridge Foundation is **GRANTED.**

Accordingly, the Complaint filed against Pressley Ridge Foundation is dismissed with prejudice.

The caption of this case is amended as follows:

| | | |
|---|---|---|
| **SUSAN PATROSKI** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **02: 11-cv-1065** |
| | ) | |
| **PRESSLEY RIDGE and** | ) | |
| **B. SCOTT FINNELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

On or before **November 1, 2011**, Plaintiff may either file an Amended Complaint or file a notice of her intent to stand on the Complaint as filed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:      Violet E. Grayson, Esquire
         Email: vegrayson@gmail.com

         Kimberly A. Craver, Esquire
         Reed Smith, LLP
         Email: kcraver@reedsmith.com

         Martha Hartle Munsch, Esquire
         Reed Smith
         Email: mmunsch@reedsmith.com