IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN PATROSKI,  )
 )
    Plaintiff,  )
 )
 ) 2: 11-cv-1065
v.  )
 )
 )
PRESSLEY RIDGE and B. SCOTT FINNELL,  )
 )
    Defendants.  )

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is the MOTION TO DISMISS FINNELL COUNTERCLAIM, with brief in support (Document Nos. 21 and 22), filed by Plaintiff / Counterclaim Defendant, Susan Patroski, the BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM filed by Defendant / Counterclaim Plaintiff, Pressley Ridge (Document No. 24), and the REPLY BRIEF (Document No. 26) filed by filed by Plaintiff / Counterclaim Defendant, Susan Patroski. The matter has been thoroughly briefed and is ripe for disposition.

Plaintiff, Susan Patroski ("Patroski"), initiated this action by the filing of an eleven (11) count Complaint against Defendants, under both federal and state law, all of which relate to alleged sexual harassment and retaliation. Defendant B. Scott Finnell ("Finnell") filed a counterclaim for defamation for allegedly false and defamatory accusations Patroski made about Finnell that were published in an ABC News internet article. Finnell contends that Patroski made the accusations with malice and with reckless disregard to the falsity of the accusations.

Patroski has moved to dismiss the counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

1

Statements and allegations made by judges, attorneys, litigants, and witnesses in the course of judicial proceedings are absolutely privileged, regardless of any defamatory character the statements may have. This "absolute privilege does not extend beyond the judicial proceedings." *Muirhead v. Zucker,* 726 F. Supp. 613, 616 (W.D. Pa. 1989).

Extra-judicial statements, such as published accounts or statements made at press conferences regarding judicial proceedings, are not subject to the internal control of the courts and are not absolutely privileged. Rather, these types of activities are entitled to a qualified privilege. They will enjoy immunity regardless of any possible false or defamatory content as long as the article or remarks "were not published solely for the purpose of causing harm." *Pelagatti v. Cohen,* 536 A.2d 1337, 1344 (Pa. Super. Ct. 1987), *allocator denied*, 548 A.2d 256 (Pa. 1988). Where the party alleging defamation can demonstrate that the defamatory communications were made to the press pursuant to an improper or malicious motive, the qualified privilege is abused and is no long available as a defense. *Id.* The question of improper motive is one for the fact finder.

The ABC news internet article repeats several allegations which are contained in Patroski's Complaint, such as Finnell, the CEO of Pressley Ridge, allegedly hypnotized and sexually molested Plaintiff in his office at Pressley Ridge. The internet article, however, also includes accusations made by Patroski that are not contained in the Complaint.

Statements imputing criminal conduct or business misconduct to another party, if proven to be false, are defamatory *per se. Frederick v. Reed Smith Shaw & McClay*, No. 92-0592, 1994 WL 57213 at *11-12 (E.D. Pa. Feb. 18, 1994).

After a careful review of the ABC news internet article, the Court finds that Finnell has adequately alleged in his counterclaim that the statements made in the ABC News internet article

were false and defamatory and were released to the press with a malicious intention to harm. Therefore, the Court concludes that Finnell has stated a claim for relief which survives a motion to dismiss. The Court, of course, makes no judgment as to whether Finnell will succeed on the merits. That awaits a later day.

Accordingly, the Motion to Dismiss Counterclaim will be denied. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN PATROSKI, | ) |
| Plaintiff, | ) |
| v. | ) 2: 11-cv-1065 |
| PRESSLEY RIDGE and B. SCOTT FINNELL, | ) |
| Defendants. | ) |

## ORDER OF COURT

**AND NOW**, this 21st day of October, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion to Dismiss Counterclaim of B. Scott Finnell is **DENIED.**

On or before **November 4, 2011,** Plaintiff shall file her Answer to the Counterclaim.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Violet E. Grayson, Esquire
Email: vegrayson@gmail.com

Kimberly A. Craver, Esquire
Reed Smith, LLP
Email: kcraver@reedsmith.com

Martha Hartle Munsch, Esquire
Reed Smith
Email: mmunsch@reedsmith.com