# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN PATROSKI, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) 2: 11-cv-1065 |
| | ) |
| PRESSLEY RIDGE and B. SCOTT FINNELL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are the following Motions:

• Plaintiff's MOTION FOR ORDER COMPELLING TIMELY MAILING OF DOCUMENTS (Document No. 30), the DECLARATION OF VIOLET ELIZABETH GRAYSON (Document No. 31), PRESSLEY RIDGE'S RESPONSE IN OPPOSITION (Document No. 34), DEFENDANT FINNELL'S RESPONSE IN OPPOSITION (Document No. 38), and the REPLY DECLARATION OF VIOLET ELIZABETH GRAYSON IN SUPPORT OF MOTION TO COMPEL TIMELY MAILING OF DOCUMENTS (Document No. 37); and

• Defendants' MOTION FOR APPOINTMENT OF SPECIAL DISCOVERY MASTER (Document No. 35) and the DECLARATION OF VIOLET ELIZABETH GRAYSON IN OPPOSITION TO MOTION TO APPOINT SPECIAL MASTER (Document No. 36).

Both Motions have been fully briefed and are ready for disposition. The Court will address same seriatim.

A. <u>Motion for Order Compelling Timely Mailing of Documents</u>

Distilled to its essence, the current dispute is two fold: (i) the first issue involves the place and manner of production of Defendants' documents identified pursuant to their Rule

1

26(a)(1) disclosures and those documents identified in response to Plaintiff's discovery requests and (ii) the second issue involves the date for completion of the production. Oddly, the Court notes that this motion was filed prior to the deadline Defendants' written responses to the document requests were due.

Defendant Pressley Ridge has identified 2000 documents pursuant to its Rule 26(a)(1) disclosure, and an 400 additional pages in response to the document production. Defendant represents that these documents are available for review at defense counsel's office in Pittsburgh.

Defendant Pressley Ridge also represents that because the parties have not agreed upon search terms for electronic searching, Defendants have not been able to commence electronic-searching and do not know how much time will be needed to conduct those electronic searches.

Defendant Finnell represents that many of the documents requested of him which may be responsive to Plaintiff's requests are in the possession of Pressley Ridge and will be produced by counsel for Pressley Ridge. Additionally, Finnell has agreed to make available for review by Plaintiff's counsel certain responsive books in defense counsel's office in Pittsburgh at the time of the November 18 case management conference, and has advised that if additional responsive books are located, those too will be made available for review. Also, like Pressley Ridge, Finnell contends that the methodology for ESI searching and production has not been agreed upon by all counsel, and after such methodology is determined, Defendants will need time to conduct the ESI searches, review the documents resulting from the searches, and produce discoverable documents.

Defense counsel have also explained to Plaintiff's counsel that additional responsive documents might be "unearthed as discovery unfolds" and that, in such case, the document production would be supplemented as required by Federal Rule of Civil Procedure 26(e).

Plaintiff contends that because she previously duplicated, at her own expense, and then mailed her responsive documents to defense counsel, defense counsel should reciprocate and duplicate and mail to her their responsive documents. At first blush, this seems reasonable. But, as defense counsel point out, neither defense counsel ever asked Plaintiff to make a copy of any document at her own expense. Plaintiff's counsel elected to make copies of the documents and forwarded those to defense counsel. Defense counsel have informed counsel for Plaintiff that their documents are available for review in Pittsburgh, or "if she would prefer to have copies made and shipped to her, she can either: (i) notify defense counsel of a copying service in Pittsburgh for Defendants to send the documents for copying at Plaintiff's expense; or (ii) send defense counsel a check to cover the copy of copying if she would prefer that [Defendants] undertake the copying for her."

Ordinarily, where records of a business are to be examined for discovery, they should not be required to be delivered to the adversary, but to be made available for inspection at the owner's place of business, during reasonable business hours, unless the parties mutually agree to some other place and time. *Niagara Duplicator Co. v. Shakleford*, 160 F.2d 25, 26-27 (D.C. Cir. 1947).

After careful consideration, the Court finds that Defendants attempts to accommodate Plaintiff's request for production of documents is more than reasonable. Accordingly, Defendants may produce the documents at their respective Pittsburgh attorney's offices and permit Plaintiff's counsel to inspect or copy them, or, at Plaintiff's election, Plaintiff may procure copies of such documents <u>at her own cost and expense</u>.

Plaintiff also argues that she cannot produce Plaintiff for her deposition, nor can she proceed with depositions of Defendants' witnesses, until the completion of discovery.

According to Plaintiff's counsel, she "would be forced to defend Plaintiff's deposition blindfolded and choose between deposing adverse witnesses without complete documents or substantially delaying these depositions." The Court finds that there is merit to this argument. Accordingly, it is in the best interest of all parties, to amicably resolve the outstanding issue of the methodology for ESI searching as expeditiously as possible, so that production can be completed and that the deposition of Plaintiff and Defendants' witnesses can commence soon thereafter.

The Court also finds that there is merit to Defendants' argument that additional responsive documents might be "unearthed as discovery unfolds." The Court is confident that all counsel are well aware of their continuing obligations to timely supplement document production and that all counsel take that obligation seriously. At this early stage of the litigation, it simply is not known to Defendants what additional documents might be unearthed as discovery unfolds.

For all these reasons, the Motion to Compel Timely Mailing of Documents will be denied.

B.   <u>Motion for Appointment of Special Discovery Master</u>

Defendants request that the Court appoint a Special Discovery Master in this case because as Defendants describe it "there are already disputes in this case about the most basic issues as to which counsel typically cooperate in litigation." Plaintiff opposes the appointment of a Special Discovery Master because (1) she cannot afford to pay a special master and (2) she argues that a Special Discovery Master is not necessary.

Before getting to the merits of the motion, the Court is compelled to comment on what appears to be a situation which could easily, if not already, go awry. This lawsuit was commenced less than three months ago when Plaintiff filed her Complaint on August 16, 2011. To date, including the instant motions, the parties have filed three discovery motions and, according to Defendants, Plaintiff's counsel has "threatened on at least 4 occasions to file motions to compel regarding her discovery demands."

As Plaintiff aptly notes, "[t]his chambers has a reputation for ruling promptly on motions, and moving cases forward." Decl at ¶ 3(b) (Document No. 36). However, the parties are forewarned that if the Court continues to be faced with discovery motions like those in the instant dispute, this case will not be able to quickly move forward, despite the best efforts of the Court.

The Court is concerned that counsel or the parties, on one or both sides of the suit, may be taking positions that do not comply with either the letter or spirit of the Federal Rules of Civil Procedure or the Local Rules of Court regarding discovery. When the Court is confronted with allegations of continuing discourtesy and the inability of the parties to proceed in an orderly fashion in conducting discovery, the Court must take action to assure that the case is litigated in a speedy, efficient, and economic fashion. Fed.R.Civ.P. 1. However, this Court does not referee discovery bouts between consenting adults. The Court will, though, take full advantage of sanctions available under the rules of procedure and this Court's inherent authority to prevent discovery abuses. If any counsel or party makes excessive demands or insufficient responses after this cautionary order by the Court, an order may be entered providing for sanctions and/or more stringent controls over discovery.

The Court notes that at least one court has refused to appoint a special master when

financial burdens would be imposed on the plaintiff. *Fraver v. Studebaker*, 11 F.R.D. 94 (W.D. Pa. 1950). Counsel for Plaintiff has represented that the appointment of a Special Discovery Master would pose a financial hardship on her client. Therefore, although tempted, the Court will not at this time appoint a Special Discovery Master. However, the parties are again cautioned that this Court does not referee discovery bouts between consenting adults. If discovery disputes continue, the Court may have no option but to appoint a Special Discovery Master.

Accordingly, the parties and their attorneys are hereby placed on notice that this Court will not hesitate to exercise its authority under the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the inherent power of the federal district courts to correct abuses of the judicial process, *Chambers v. Nasco, Inc*., 501 U.S. 32 (1992), to impose appropriate sanctions upon attorneys and litigants who violate the letter and the spirit of our rules of orderly procedure and professional conduct. Where the record discloses good grounds for sanctions and the violator has been forewarned, this Court may impose sanctions *sua sponte* and without further notice.

Turning to the instant motion, although Defendants seem to have a large number of documents (Pressley Ridge has represented that it alone has 2,400 documents, not including ESI), and the parties were in disagreement over the place and manner of production, the record does not reflect that the discovery process is so complicated or complex at this time to require the aid of a Special Discovery Master. Accordingly, the Motion for Appointment of Special Discovery Master will be **DENIED without prejudice**.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN PATROSKI,            )
                           )
      Plaintiff,          )
                           )
v.                         )     2: 11-cv-1065
                           )
PRESSLEY RIDGE and B. SCOTT FINNELL,  )
                           )
      Defendants.         )

## ORDER OF COURT

**AND NOW,** this 17th day of November, 2011, in accordance with the foregoing Memorandum Opinion, is it hereby **ORDERED** as follows:

1. The Motion to Compel Timely Mailing of Documents is **DENIED**.

2. The Motion for Appointment of Special Discovery Master is **DENIED without prejudice**.

                                                        BY THE COURT:

                                                        s/ Terrence F. McVerry
                                                        United States District Court Judge

cc:     Violet E. Grayson, Esquire
          Email: vegrayson@gmail.com

          Martha Hartle Munsch, Esquire
          Reed Smith
          Email: mmunsch@reedsmith.com

          Kimberly A. Craver, Esquire
          Reed Smith, LLP
          Email: kcraver@reedsmith.com

Kathy K. Condo, Esquire
Babst Calland Clements & Zomnir
Email: kcondo@bccz.com

Mark K. Dausch, Esquire
Babst, Calland, Clements and Zomnir, P.C.
Email: mdausch@bccz.com