**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN PATROSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 11-cv-01065 |
| | ) | |
| PRESSLEY RIDGE and | ) | |
| B. SCOTT FINNELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER OF COURT**

AND NOW, this 29th day of November, 2011, upon consideration of Plaintiff's

MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS BY PARTY B.

SCOTT FINNELL (Document No. 43) and her MOTION FOR ORDER COMPELLING

PRODUCTION OF DOCUMENTS BY PRESSLEY RIDGE (Document No. 46), with briefs in

support (Document Nos. 44 and 48), the RESPONSES / OBJECTIONS of the Defendants

(Document Nos. 53 and 54), the REPLY MEMORANDUM and SUPPLEMENT TO REPLY

MEMORANDUM filed by Plaintiff (Document Nos. 57 and 58), the REPLY TO PLAINTIFF'S

SUPPLEMENT filed by Pressley Ridge (Document No. 59), and after discussion in open court at

the Case Management Conference, it is hereby **ORDERED** as follows:

Plaintiff's motions to compel are **GRANTED IN PART AND DENIED IN PART**.  On

or before **December 13, 2011,** Defendants shall produce, in accordance with the following

rulings, all documents in response to the pending motions to compel for production of documents

1

to the best of their ability and understanding of the request(s).  Defendant Pressley Ridge's search of e-documents is ongoing.  To the extent that additional responsive documents are found through e-searches, such documents shall be produced to Plaintiff immediately upon discovery.

Further, on or before **December 19, 2011**, each Defendant shall produce to Plaintiff a privilege log which reflects the document description and the privilege claimed for every responsive document not produced.

Additionally, the Court notes that Plaintiff and Pressley Ridge have a fundamental disagreement as to the extent of the search of  electronic documents which Pressley Ridge must undertake.  Plaintiff requests that Pressley Ridge gather "all" responsive documents from "all employees" of Pressley Ridge, including management and non-management employees; Pressley Ridge responds that this request is "unduly burdensome, onerous, vexatious and utterly unreasonable."  Given that Pressley Ridge employs approximately 1,100 employees and has locations in seven states and serves children and families in two international countries, the Court agrees that it would be unduly burdensome to require Pressley Ridge to search its "entire electronic database" for responsive documents.  However, the Court finds that Defendant's proposal to produce only documents from "executive level" employees is unduly limited.  Accordingly,  Pressley Ridge shall produce all responsive documents from all Pressley Ridge employees, whether "executive level" or not, who worked or works in the Pressley Ridge Pittsburgh corporate office located in McCandless Township and who has knowledge of the

2

alleged misconduct which gives rise to this lawsuit from the date of Plaintiff's employment

through January 1, 2011.


**DOCUMENT REQUESTS DIRECTED TO B. SCOTT FINNELL**

The merits of Defendant Finnell's responses / objections to Plaintiff's Motion to Compel

Production of Documents are addressed seriatim.


11.    Defendant's response / objection is **SUSTAINED** and the Motion to Compel Request No.

11 is **DENIED IN PART AND GRANTED IN PART**.   The response / objection is sustained

in that Plaintiff's request is vague, overly broad, and has the potential to infringe upon the

privacy interests of non-parties to this litigation.   Defendant Finnell has stated that he does not

have any documents in his possession which are related to a hypnosis or relaxation session with

any specific person (as contrasted with general materials he is producing in response to other

requests regarding techniques.)   Defendant states that any such documents, if they exist, would be

on the hard drive of his computer which is in the possession of  Defendant Pressley Ridge.

Plaintiff's request to compel Pressley Ridge to provide Finnell a copy of data stored on the hard-

drive of the computer which Finnell left behind at Pressley Ridge is **GRANTED IN PART.**

Plaintiff is entitled to any relevant information found on the hard-drive of the Pressley Ridge

computer which Fennell utilized while he was employed at Pressley Ridge and any responsive

documents found on this computer shall be provided directly from Pressley Ridge to Plaintiff within the time frame hereinabove stated.

18.    Defendant's response / objection is **SUSTAINED** and the Motion to Compel Request No. 18 is **DENIED**.   The response / objection is sustained in that the request seeks documents which are personal and are not relevant to the claims in this action.  In his counterclaim, Defendant is NOT claiming any lost income as a result of his resignation from Pressley Ridge.  Rather, Defendant's counterclaim is limited to lost employment opportunities following his resignation.

19, 20, and 21.    Defendant's responses / objections are **GRANTED IN PART and DENIED IN PART** and the Motion to Compel Request Nos. 19, 20, and 21 is  **GRANTED IN PART and DENIED IN PART.**   Plaintiff is entitled to documents regarding the resignation, "termination," and/or "departure" of Finnell as CEO from Pressley Ridge which are in his personal possession. However, information contained within such documents which relate to income, bonuses, benefits, expense reimbursement, severance payments and any other compensation which Finnell received from Pressley Ridge may be redacted by Defendant.

23.    Defendant's responses / objections are **GRANTED IN PART and DENIED IN PART** and the Motion to Compel Request No. 23 is  **GRANTED IN PART and DENIED IN PART**. To the extent that this request seeks documents which reflect Finnell's employment agreement

4

with Pressley Ridge or any documents which reflect his compensation with Pressley Ridge, including documents which reflect any negotiations regarding compensation with Pressley Ridge, Defendant's response / objection is **GRANTED**.  However, Plaintiff is entitled to all documents related to Finnell's job search since April 2010.  In that regard, it appears based on Defendant's response that he has produced all documents related to his job search since April 2010 and that he has not received any job offers except one from the University of Phoenix for which documents, including those regarding compensation, have been produced.

## DOCUMENT REQUESTS DIRECTED TO PRESSLEY RIDGE

The merits of Defendant Pressley Ridge's responses / objections to Plaintiff's Motion to Compel Production of Documents are addressed seriatim.

1.    Defendant's response / objection is **SUSTAINED** and the Motion to Compel Request No. 1 is **DENIED**.   Defendant's objection is sustained insofar as Plaintiff's request seeks "all documents or objects relating to or referring to Susan Patroski," etc.   It appears that Pressley Ridge has produced a substantial number of documents in response to this request including "Plaintiff's personnel file, documents relating to the termination of Plaintiff's employment, the disciplinary warning she was issued, the investigation into her internal compliant against Dr. Finnell, her EEOC charge against Pressley Ridge, and hundreds of emails between Plaintiff and

Dr. Finnell." Response at 6. The e-searches for additional relevant documents, if any, is

ongoing. If Plaintiff seeks additional files or documents, she should make a more particularized

request as opposed to the current open-ended request for "all" documents that relate or refer to

Plaintiff throughout the Pressley Ridge organization. Further, see the prefatory limitation on

production noted in Page 2 of this Memorandum Order.


2.    Defendant's response / objection is **GRANTED IN PART and DENIED IN PART** and

the Motion to Compel Request No. 2 is **GRANTED IN PART and DENIED IN PART**. The

response / objection is sustained to the extent that Request No. 2 seeks documents related to "any

other present or former employee, officer or director of Pressley Ridge" who employed or

practiced hypnosis, relaxation techniques, suggestion techniques, or stress relief techniques.

However, all documents related to Finnell having employed or practiced hypnosis, relaxation

techniques, suggestion techniques, or stress relief techniques, limited to the period from the time

of Plaintiff's employment through the time of Finnell's departure from Pressley Ridge, are

discoverable. Any such responsive documents may be redacted to the extent that they contain

the names of clients, parents, employees or others who may have received these services, with

the exception of Plaintiff. The Court notes that Defendant's response to produce "progressive

relaxation CDs prepared by Dr. Finnell while employed at Pressley Ridge, documents relating to

any relaxation sessions Dr. Finnell may have had with Plaintiff, and/or documents relating to any

interactions Dr. Finnell had with Plaintiff in connection with the development of the progressive relaxation CD" is reasonable and have or shall be produced immediately.

4.     Defendant's response / objection is **SUSTAINED** and the Motion to Compel Request No. 4 is **DENIED**.   Defendant's response / objection is sustained in that Plaintiff's request for "all" documents referring to the Pressley Ridge Wellness Program is vague, overly broad, and seeks irrelevant and immaterial documents.   The Court notes that Defendant has produced a significant number of documents which were distributed to its employees in 2009 and 2010 as well as copies of Wellness Committee meeting minutes from 2008, 2009, and 2010. Further, Defendant represents that its e-searching is ongoing and will produce copies of relevant, non-privileged documents which are generated as a result of that search.

5.     Defendant's response / objection is **GRANTED IN PART AND DENIED IN PART** and the Motion to Compel Request No. 5 is **GRANTED IN PART AND DENIED IN PART**.   *See* ruling on Request No. 2 *supra.*

7.     Defendant's response / objection is **SUSTAINED** and the Motion to Compel Request No. 7 is **DENIED AS MOOT**.   Defendant states that it is "unaware of Dr. Finnell having engaged in any sexual harassment" and as such, no responsive documents exist.   However, to the extent that

any such documents are found as discovery continues, Defendant is required to produce same immediately.

8.    Defendant's response / objection is **GRANTED IN PART AND DENIED IN PART** and the Motion to Compel Request No. 8 is **DENIED** to the extent that Plaintiff argues that a *Farragher / Ellerth* defense waives all attorney / client privilege and attorney work product privilege.  *See, e.g., Pray v. The New York Ballet Company*, 1998 U.S. Dist. LEXIS 2010  *6 (So. Dist. of NY, Feb. 13, 1998) (holding that defendant's communication with counsel remain protected by the attorney-client privilege in that not all attorney-client privileges are waived.) Defendant states that it has produced David McAllister's entire file, with the exception of a few documents which may be cloaked with privilege and as such will be reflected on Defendant's privilege log.

      Plaintiff's motion to compel is **GRANTED** to the extent it seeks production of the attorney billing records related to the McAllister investigation.  However, hourly rates and amounts billed may be redacted from any billing records which are produced.

10.    Defendant's response / objection is **SUSTAINED** and the Motion to Compel Request No. 10 is **DENIED** to the extent that it seeks documents relating to Finnell's compensation, benefits, and/or and severance.  As explained *supra*, information related to Finnell's compensation and expense reimbursements are not relevant to Plaintiff's claims in this case nor are they relevant to

Finnell's counterclaim.  Moreover, such information is private and personal to Defendant

Finnell.  However, documents relating to Finnell's hiring are discoverable and shall be produced.

If information contained within such documents relates to income, bonuses, benefits, expense

reimbursement, severance payments and any other compensation which Finnell received from

Pressley Ridge, such information may be redacted.

15.    Defendant's response / objection is **OVERRULED** and the Motion to Compel Request

No. 15 is **GRANTED**.  Plaintiff is entitled to documents referring or relating to the  "departure"

of Finnell as CEO from Pressley Ridge.  However, information contained within such documents

which relate to income, bonuses, benefits, expense reimbursement, severance payments and any

other compensation which Finnell received from Pressley Ridge  may be redacted.  Defendant's

offer to have the former Chair of the Board of Directors testify and then revisit Plaintiff's request

for documents is not reasonable under the circumstances of this case.

18 and 19.   Defendant's responses / objections are **SUSTAINED** and the Motion to Compel

Request Nos. 18 and 19 is **DENIED** to the extent that such requests are vague, overly broad,

unduly burdensome, and seek documents which are not relevant to this lawsuit.  The Court notes

that these requests are substantively answered as Defendant has responded that no other Pressley

Ridge employee or former employee has alleged that Defendant Finnell made any unwelcome

sexual advances or unwelcome sexual overtures to them.

20 and 21.   Defendant's responses / objections are **GRANTED IN PART AND DENIED IN PART** and the Motion to Compel Request Nos. 20 and 21 is **GRANTED IN PART AND DENIED IN PART**.  To the extent that Plaintiff seeks documents regarding sexual orientation or race claims and/or seek documents relating to "any" female employee who has alleged she was sexually harassed in connection with her employment at Pressley Ridge, Defendant's objections are sustained as the requests are vague, overly broad, unduly burdensome, and bear no relationship to the claims in the instant case.  The Court notes that Plaintiff has agreed to Defendant's compromise to produce  non-privileged documents, if any, that relate to sexual harassment complaints filed by employees of the Pressley Ridge corporate office during the last five (5) years.  As such, the parties' compromise is **GRANTED.**

25.   Defendant's response / objection is **GRANTED** and the Motion to Compel Request No. 25 is **DENIED AS MOO**T.  Plaintiff has agreed to Defendant's proposal to  produce documents, if any, which reflect public relations services provided by Veritas Communications to Pressley Ridge and/or Defendant Finnell regarding the media reports of Plaintiff's allegations of sexual misconduct against Dr. Finnell.  Documents regarding any other public relations work performed by Veritas Communications for Pressley Ridge (including Veritas Communications' invoices to Pressley Ridge for their services) are irrelevant and immaterial to this lawsuit.  As such, said compromise is **GRANTED**.

10

29.    Defendant's response / objection is **GRANTED** and the Motion to Compel Request No. 29

is **DENIED AS MOO**T.  As explained *supra*, documents which reflect Defendant Finnell's

income, compensation from Pressley Ridge, and severance payments from Pressley Ridge are not

relevant to the Finnell's claim of lost employment opportunities.


So **ORDERED** this 29th day of November, 2011.


BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge


cc:  Violet Elizabeth Grayson, Esquire
       Email:  vegrayson@gmail.com

       Martha Hartle Munsch, Esquire
       Email:  mmunsch@reedsmith.com

       Kimberly A. Craver, Esquire
       Email:  kcraver@reedsmith.com

       Kathy K. Condo, Esquire
       Email:  kcondo@bccz.com

       Mark K. Dausch, Esquire
       Email:  mdausch@bccz.com